INDEPENDENT SCHOOL DISTRICT OF LE MARS, Iowa, Appellant, v. THE LE MARS CITY, WATER AND LIGHT COMPANY, ET AL.

**Waterworks franchise:** RATES: CONTRACT: CONSIDERATION. Sections 471, 473 Code 1873 authorized a municipality to contract with a private person for the construction of waterworks and to regulate by agreement the rates to be charged for water; and a provision in the contract for providing water free to the public schools was not void for want of consideration.

**Same.** A contract for supplying water to a city which provides in its schedule of rates for furnishing the schools free of charge, includes water for the schools for sewerage purposes when required, even though no sewers had been constructed at the date of the contract.

**Same:** ENFORCEMENT OF CONTRACT. Every consumer of city water, under a contract between the city and a private person to supply the same and fixing the rates therefore, is privy to the contract to such an extent that he may enforce his rights thereunder.

**Constitutional law.** The provision in a contract for supplying a city with water, that the same shall be without charge to the school district, is not in violation of any provision of the State or Federal Constitutions.

*Appeal from Plymouth District Court.*— HON. F. R. GAYNOR, Judge.

THURSDAY, JUNE 7, 1906.

ACTION of mandamus to compel the defendant to furnish the plaintiff water for its school buildings.   Judg-

ment on a demurrer for the defendants. The plaintiff appeals.— *Reversed.*

*Struble & Struble,* for appellant.

*Zink & Roseberry, for appellees.*

SHERWIN, J.— The plaintiff is now, and was on the 1st day of October, 1888, a school corporation organized under the laws of this state, with territory coextensive with the boundaries of the city of Le Mars, a municipal corporation of the second class. On the 1st of October, 1888, the city passed an ordinance entitled " An ordinance to provide for supply of water for the inhabitants of Le Mars, Iowa, for domestic use, for fire protection, and for other purposes.". The ordinance gave to J. M. Dunn, his heirs and assigns, the exclusive right for the term of 25 years to use the streets, alleys, and public grounds of the city for the purpose of erecting and maintaining a system of waterworks. The ordinance provided for the acceptance of its conditions in writing within 30 days after its passage, and that when accepted, it should constitute a contract between the city and Dunn, his heirs, and assigns. The conditions of the ordinance were accepted in writing by Dunn within the time required thereby. The ordinance required Dunn to erect a water plant and to lay at least three miles of water mains within a short time, and provided for the extension of the mains and service as the increasing needs of the people of the city should demand. Section 14 thereof also provided as follows: " Said grantee, his heirs or assigns, shall during the existence of this franchise perform each and every condition specified in this ordinance." Section 15 of the ordinance is as follows, so far as it is material to the present inquiry: " The following shall be the maximum water rates to be charged annually by said grantee, his heirs or assigns, for the use of water until changed as hereinafter

provided." Following this is a long schedule enumerating the service for which the maximum charges are fixed by the section, including therein public and private bath tubs, hotels, restaurants, boarding houses, and public and private water-closets and urinals. Churches and schools were designated therein as free. At the time the ordinance was passed the plaintiff owned and used three school buildings which have ever since been furnished free water for drinking, cleaning, and heating purposes by Dunn and his successors. In 1904, the plaintiff erected a high school building on the site formerly occupied by one of the three old buildings. The new building is modern and is provided with the usual and necessary water-closets and urinals which are connected with the sewer system now in use in the city. After the completion of the building the plaintiff applied to the defendant for a sufficient supply of water for said building free of charge, and the defendant refusing to so furnish it, this action was commenced.

The petition states the plaintiff's case substantially as set out herein. The answer alleges that there was no sewer system in Le Mars when the ordinance was passed, and that

1. WATERWORKS FRANCHISE: rates: contract: consideration.

the water-closets, urinals, and heating plant placed in the new building were not contemplated by the plaintiff at that time. It further alleges that the city had no power to enact an ordinance requiring the grantee therein to furnish water to churches and schools without compensation therefor, and that the requirement is contrary to chapter 10, title 4, of the Code of 1873, and contrary to the provisions of title 5 of the Code of 1897. The answer further pleads that such requirement is void because in contravention of the provisions of the Constitutions of the United States and of this state, declaring that no person shall be deprived of . . . property without due process of law, nor shall private property be taken for public use without just compensation, nor shall any person be denied the equal protection of the law. This provision of the or-

dinance is also said to be violative of the Constitution of this state which requires that all laws of a general nature shall have a uniform operation. The demurrer raises the legal sufficiency of the several defenses plead. Under section 471 of the Code of 1873, the city of Le Mars had the power to erect waterworks itself, or to authorize the erection of the same by a person or corporation. Section 473 provided:

When the right to build and operate such works is granted to private individuals or incorporated companies by said cities and towns, they may make such grant to enure for a term of not more than twenty-five years, and authorize such individual or company to charge and collect from each person supplied by them with water such water rent as may be agreed upon between said person or corporation so building said works and said city or town, and such cities or towns are authorized and empowered to enter into a contract with the individual or company constructing said works to supply said city or town with water for fire purposes, etc.

This statute gave the city of Le Mars the right to contract not only for water for municipal purposes, but for the rate which should be charged other consumers thereof. The express power thus granted was to be exercised by the city in the interests and for the benefit of the inhabitants of the city who might wish to become patrons of a water plant erected by an individual or a corporation, and included within its purview all consumers, whether such consumers might be individuals or corporations, secular or religious. That the ordinance and its acceptance by Dunn constituted a contract binding him and the city, as stated therein, cannot be successfully questioned. *Cedar Rapids Water Co. v. Cedar Rapids,* 118 Iowa, 234.

At the time the contract was entered into the plaintiff occupied territory coextensive with the boundaries of the city of Le Mars. It was and is a body corporate with power to hold property and make contracts. The city should be, and doubtless is, as deeply interested in its financial welfare as

it is in the welfare of any other corporation or any individual dwelling within its corporate limits, and we know of no sound legal reason why the city could not contract in its behalf as well as in behalf of other corporations and of individuals. If the contract had named a definite sum that should be paid for water by schools and churches, it would hardly be contended that the city had no authority to make such a contract. If it be true then that the plaintiff was and still is entitled to the benefit of the contract made by the city, it must follow that the amount to be paid for water thereunder is of no importance, and that a contract to furnish it without charge is not beyond the power of the city, nor is such agreement without consideration, for the contract or franchise is to be considered as a whole, and the stipulation to furnish free water to schools and churches is clearly one of the considerations for the franchise. 1 Farnham on Waters, section 159 (Ed. 1904); *Boise City v. Water Co.,* 4 Idaho, 351, 39 Pac. 562; *M. E. Church v. Water Co.,* 20 Ohio Cir. Ct. R. 578.

The appellees say that, conceding the plaintiff has the right under the ordinance to use water for drinking and cleaning purposes without charge, it has no right thereunder to use it for water-closets, urinals, and for

2. SAME.    heating purposes without paying for the same. There is trouble with this contention. In the first place, while there was no sewer system in operation in Le Mars when the ordinance was passed and the rates agreed upon, it was clearly contemplated by the schedule of rates and by other parts of the ordinance for it specifically fixes the rates for water-closets, urinals, and other services which common knowledge and experience demonstrate are not practicable or demanded until a sewer system is provided. In the second place, the plaintiff's use of the water was not limited by express language or by implication, and if the parties contemplated that the future growth and improvement of the city would demand water-closets and urinals in public and private

buildings, there is no reason for saying that the public school buildings were excluded by implication from such consideration. It may as well be said that because there was no sewer at the time, the rate fixed for such conveniences is not to govern.

It is further contended that there is no privity of contract between the parties and therefore that the plaintiff has no right to maintain this action. If this be true, it is plain that no inhabitant of the city may maintain an action to compel a private water company to comply with its contract with the city to furnish the inhabitants thereof water for domestic purposes, and we do not think that such a rule can possibly obtain. The statute granting the city power to authorize private persons or corporations to construct waterworks and giving the city power to fix the rates by contract, impliedly, at least, makes every consumer of water thereunder privy to the contract to such an extent as to enable him to enforce his rights under the contract. Otherwise, the individual would be without redress unless the city acted in his behalf, and its authority so to do may well be questioned under the rule that every action must be prosecuted by the real party in interest. It cannot be denied that a franchise granted under this statute imposes the public duty of furnishing water to all persons whose property is reached by the defendants'. pipes. *Louisville Gas Co. v. Citizens' Gaslight Co.,* 115 U. S. 683 (6 Sup. Ct. 265, 29 L. Ed. 510); *New Orleans Gaslight Co. v. Louisanna Light & H. P. Mfg. Co.,* 115 U. S. 650, (6 Sup. Ct. 252, 29 L. Ed. 516); *Haugen v. Albina Light & Water Co.,* 21 Or. 411 (28 Pac. 244, 14 L. R. A. 424.)

The contract having been made for the benefit of the plaintiff, it may surely maintain an action of mandamus to compel its performance. Farnham on Waters, sections 159d, 160. See, also, *German State Bank v. Water & Light Co.,* 104 Iowa, 717; *Daily v. Minnick,* 117 Iowa, 563; *Tweeddale v. Tweeddale,* 116 Wis. 517 (93 N. W. 440, 61 L. R. A.

*[margin note: 3. Same: enforcement of contract.]*

509); *Dean v. Walker,* 107 Ill. 540 (47 Am. Rep. 467). This holding is not in conflict with the cases cited by the appellees in which this court held that water companies were not liable to individuals for damages by fire. See *Davis v. Water Works,* 54 Iowa, 59; *Becker v. Water Works,* 79 Iowa, 419; and *Van Horn v. City of Des Moines,* 63 Iowa, 447, where a recovery was asked of the city.

The constitutional questions raised by the answer have been argued with much earnestness but we are unable to see how they affect this case. If the city were now attempting to establish the rate contended for by the appellant, there would be force in the appellee's several points, but such is not the present case. The contract entered into by the city and Dunn was one they both might lawfully make, and having made it, both parties and their privies are bound thereby. The plaintiff asks nothing more than the enforcement of a legal contract, and this we think it entitled to on both reason and authority.

4. CONSTITU-
TIONAL LAW.

The judgment is reversed, and the case remanded for proceedings in harmony with this opinion.— *Reversed.*