A. C. WOODBURY, *Plaintiff in Error,* v. THE TAMPA
WATER WORKS COMPANY, A CORPORATION, *Defendant
in Error.*

## ON REHEARING.

1. The purpose of the statutory provision that "any civil action
at law may be maintained in the name of the real party in in-
terest," is to relax the strict rules of the common law so as to
enable those directly interested in, but not parties to, a con-
tract, to maintain an action for its   breach; and the statute .
should be so applied as to accomplish its salutary purpose.

2. Where the clear intent and purpose of a contract is a direct
and substantial benefit to third parties severally, and such
parties are the real parties in interest, they may severally main-
tain actions for breaches of the contract that specially injures
them.  A party who is injured is the real party in interest in an
action to recover damages for the injury.

3. Where a corporation is by its charter authorized to engage in
the business of supplying a city and its inhabitants with water
for fire protecton and other useful purposes, and a contract be-
tween such corporation and a city made for the supply of water
is intended to be for the direct, immediate and substantial ben-
efit of the city and of its individual property holders and in-
habitants, the compensation for the water supply being fur-
nished by individual property holders through a special prop-
erty tax levy, and the corporation actually engages in the serv-
ice, the individual property holders of the city have a right to
rely upon the performance of the contract and a right of ac-
tion for a breach of the contract that results in special injury
to them.

4. A duty and liability for negligence of omission or commis-
sion in performing the duty, may be founded in the law where
a public service is undertaken whether a contract exists as to
the service or not. The omission to perform a mere contract
duty may not be a tort, but if a legal duty is imposed independ-
ent of or concurrently with the contract, a breach of the legal
duty may be a tort.

This case was decided by the Circuit Court En Banc.

The facts in the case are stated in the opinion of the court.

*Cockrell & Cockrell, F. M. Simonton* and *Wall & McKay,* for petition.

WHITFIELD, C. J.—In a petition for rehearing it is suggested that the court overlooked the fact that the declaration contains counts founded in contract and in tort, and the court is asked to decide all the points argued by counsel for both parties so that the opinion may be useful in a large number of similar cases now pending awaiting the determination of the questions presented in this case. The opinion states that the counts are both *ex contractu* and *ex delicto,* and the decision is that the liability of the defendant in cases of this general character had been previously adjudged, but that no count of the declaration in this case sufficiently alleges that the negligence charged was a proximate cause of the injury complained of.

In many jurisdictions where the right to maintain actions of this character is denied, it is not upon the theory that the water company is not liable for its negligence, but that no one is authorized to enforce the liability.

In general an action to recover damages for injuries proximately caused by the negligence of another may be maintained only by those between whom and the negligent party there existed at the time of the negligence some *relation or privity* out of which a contract or legal duty expressed or implied arose in favor of the injured party. See 1 Kinkead on Torts, Sec. 6; 2 Andrews American Law, pg. 1233.

If a duty is due to an individual by contract or by express or implied provisions of law a negligent omission

to perform that duty creates a liability in favor of the individual specially injured by the negligence.

The Tampa Water Works Company was incorporated by the state to do business in Tampa, Hillsborough County, Florida, and authorized by its charter "to erect waterworks, to lay down pipes, build reservoirs, and fountains, supply the fire department and citizens with water, charging therefor such rates as may be fixed," etc.

The City of Tampa by its charter is authorized "to provide for the establishment of waterworks;" "to levy and collect a special tax annually for waterworks and fire protection;" "to pass all necessary laws to guard against fire;" "to do and regulate any other matter or thing that may tend to promote the peace, health, welfare, prosperity and morals of the said city;" "and to do and perform all such other act or acts as shall seem necessary and best adapted to the improvement and general interest of the city." These powers confer upon the city ample authority to provide by contract for waterworks and fire protection to the inhabitants of the city and to do everything proper to make effective the service provided for.

The relationship of agency is not necessary to confer on individuals the legal rights growing out of the contract and the public service undertaken by the water company. See Ancrum v. Camden Water, Light & Ice Co.,    S., C.    , 64 S. E. Rep. 151. ·

The contract in this case was executed by and in the name of the City of Tampa and the Waterworks Company, but it expressly states " that in view of the urgent necessity for the better protection against fires, and also to obtain for the use of the inhabitants of said city an abundant supply of good water for all purposes, and upon terms hereinafter mentioned, the exclusive right and privilege to construct, maintain and operate waterworks

for public and private supply of water within said city for a term of thirty years is hereby granted   *   *   * together with the right to lay pipes, erect hydrants, fountains and such other structures and appurtenances in any and all of the streets or other public ways in the said city, as may be required for the distribution of water; that for and in consideration of stated annual payments by the city to be derived from a special tax levy upon the property in the city for that purpose, the waterworks company agreed to "erect waterworks, with reservoir capable of holding one hundred thousand gallons of water, and sufficiently high to give a pressure on the mains such that from a hydrant located at the intersection of W. and F. streets and through one hundred feet of fire hose and a one inch nozzle, a stream of water projected vertically a distance of fifty feet.   To supply with water for fire purposes, giving a first-class fire protection and the necessary demands of the fire department in their practices and parades, one hundred and ten double nozzle hydrants of the usual pattern, with nozzles to fit the department's hose, and placed upon "the mains" to the number and of the size stated; that other hydrants shall be established as required by the city; that the company "shall maintain a standard pressure of forty pounds to the square inch on the mains from the standpipe, to be indicated by a gauge to be placed anywhere in the city, at the option of the city;" that the waterworks company "shall assume all liabilities to persons and property arising from constructing or operating said works;" that "the main or pipe system shall be laid in such streets as shall give the greatest amount of fire protection and the distribution of an adequate amount of water to the consumers;" that the waterworks company may charge for water furnished private consumers at not exceeding stated prices.   Other provisions of the contract need not be stated.

Section 1365 of the General Statutes of Florida first enacted in 1881 provides that: "Any civil action at law may be maintained in the name of the real party in interest." The purpose of this statute is a relaxation of the strict rules of the common law so as to enable those directly interested in, but not parties to, a contract, to maintain an action for its breach. See 30 Cyc. 44, 59 *et seq.* The statute should be so applied as to accomplish its salutary purpose.

Where a contract shows its clear intent and purpose to be a direct and substantial benefit to third parties, and not merely that third parties might be benefitted by it, or that third parties are indirectly or incidentally benefitted by it, the third parties who are directly and substantially benefitted by the performance of the contract may maintain an action for its breach under the statute as the real parties in interest. If a direct and substantial benefit accrues to persons severally and they are the real parties in interest they may maintain an action severally. See Wright v. Terry, 23 Fla. 160, 2 South. Rep. 6; Independent School Dist. of LeMars v. LeMars City Water & Light Co., 131 Iowa, 14, 107 N. W. Rep. 944, 10 L. R. A. (N. S.) 859; Smith v. Pfluger, 126 Wis. 253, 105 N. W. Rep. 476, 2 L. R. A. (N. S.) 783; Gustinia v. McEntee-Peterson Engineering Co., 131 N. C. 363, 42 S. E. Rep. 858; Gorrell v. Greensboro Water Supply Co., 124 N. C. 328, 32 S. E. Rep. 720; Jones v. Durham Water Co., 125 N. C. 553, 47 S. E. Rep. 615; 30 Cyc. 66; see also Baxter v. Camp, 71 Conn. 245, 41 Atl. Rep. 803, S. C. 71 Am. St. Rep. 169 and notes.

From the above extracts it is clear that the charter authorized the company to engage in the business of supplying the city and its inhabitants with water for fire protection and other useful purposes, and that the contract was intended to be for the direct and substantial benefit

of the city and of its individual property holders and inhabitants. The interest and benefit accruing to the individuals are not merely contingent, indirect or incidental. The rights of individuals under the contract are as direct, immediate and substantial with reference to furnishing water for fire protection paid for by them from a special tax levied for that purpose as with reference to furnishing water for ordinary use paid for directly as water is used.

Individuals of course own a large part of the property in the city, and it is for the protection of this property as well as of the public property that the contract for furnishing water for fire purposes was made. The scope and purpose of the contract as well as its terms indicate this. Individuals are the real beneficial owners of the public property of the city. The individuals pay the special tax levied, collected and used as compensation for the service, and such individuals rely upon the service thus paid for by them to protect their property as well as the public property to the extent of furnishing water as agreed. The contract is not in legal effect the appointment of an agent of the city to furnish water. The waterworks company is not a governmental officer or agent. Furnishing water is not a sovereign governmental function, but it serves a municipal purpose and is performed by a public service corporation. The city as a governmental agency may and does in effect guard the interests of its individual inhabitants in making the contract; and the company is not the agent of the city. It is a contracting party for the performance of a service on its own responsibility. The law operates upon the contract made for the direct benefit of the individuals, imposes a duty upon the company in their favor, and gives a right of action to the individuals severally for a breach of the contract or legal duty due to them severally when

specially injured by negligence in the performance or non-performance of the duty.   It may be difficult to establish that a fire loss is a proximate result of a negligent failure to furnish water as lawfully required for extinguishing fire; but this practical difficulty does not affect the right to recover if the requisite liability is shown as required by law.   It cannot be said the water company did not intend to assume liability for the proximate consequences of its negligence in the performance or non-performance of the duties it undertakes to perform, because when there is a duty the law imposes liability for negligence in its performance.   And this liability for negligence cannot be avoided by contract.   The duty to supply water for fire protection is plainly assumed by the contract and by in fact engaging in the service; and as individual property holders of the city are the real parties in interest to be benefitted by the performance of the duty, any one of them specially injured by failure to perform the duty may maintain an action to recover damages for injuries that proximately result to him from the negligence of the company where the injuries should have been contemplated as naturally, ordinarily and probably to occur as a proximate result of the negligence and the plaintiff is not at fault.   See Paducah Lumber Co. v. Paducah Water Supply Co., 89 Ky. 340, 12 S. W. Rep. 554, 13 S. W. Rep. 249, 7 L. R. A. 77, S. C. 25 Am. St. Rep. 536; Lexington Hydraulic & Mfg. Co. v. Oots, 119 Ky. 598, 84 S. W. Rep. 774, 86 S. W. Rep. 684.   If the water company is not negligent there is no liability.   Springfield Fire & Marine Ins. Co. v. Graves County Water & Light Co., 27 Ky. Law 420, 85 S. W. Rep. 205.   For breaches of the contract that affect individuals only in common with each other, such as failure to perform the contract as an entirety or failure to supply water to protect public property or any other breach not causing a special injury to

individuals, the remedy may be through the proper public officials; but for breaches that directly and specially injure an individual, private actions may be brought where liability exists under the contract or under the law applicable to the facts of the case.

There is no statute or stipulation controlling the liability or remedy for negligence, or permitting without liability temporary failures to perform the duty undertaken by the water company. See Ancrum v. Camden Water, Light & Ice Co., S. C. , 64 S. E. Rep. 151. See also Holloway v. Macon Gaslight & Water Co., Ga. , 64 S. E. Rep. 330.

If the defendant is responsible for the destruction of the plaintiff's property there is liability, and there can be no doubt that the plaintiff whose property was destroyed is the real party in interest and is the proper plaintiff here. See 30 Cyc. 83; Gross v. Heckert, 120 Wis. 314, text 320, 97 N. W. Rep. 952; 15 Enc. Pl. & Pr. 710.

The *contract* requires the company to supply "a first class fire protection" only in the particulars and to the extent that the specifications named in the contract will afford it.

A duty and liability for negligence of omission or commission in performing that duty, may be founded in the law where a public service is undertaken whether a contract exists as to the service or not. The omission to perform a mere contract duty may not be a tort, but if a legal duty is imposed independent of or concurrently with the contract, a breach of the legal duty may be a tort. See Rich. v. New York Cent. & Hud. Riv. R. R. Co., 87 N. Y. 382; Coy v. Indianapolis Gas Co., 146 Ind. 655, 46 N. E. Rep. 17, 36 L. R. A. 535.

Where a public service is undertaken by a corporation exercising public franchises, and duties to individuals are

imposed upon the corporation by law, such individuals may maintain actions for special injuries to them resulting proximately from the negligence of the corporation in failing to perform the duties, where under the circumstances of the negligence the injury should reasonably have been contemplated and the plaintiffs are not in fault. When a corporation exercises public franchises and engages in rendering a public service, the duties of the corporation to the public collectively and individually need not be expressed in the charter or in the statutes. The duties may arise by implication of law from the relation voluntarily assumed by the corporation towards the members of the public in using the franchises and in undertaking to render public service. Such duties are in general commensurate with the reasonable requirements of a prompt and efficient performance of the public service undertaken. The corporation is liable in damages to individuals for special injuries to them proximately caused by the negligent failure of a corporation to perform duties implied by law as due to such individuals when no other remedy is provided. These principles are particularly applicable where individuals have reasonably relied upon the rendering of the public service undertaken for their benefit or protection and have contributed directly or indirectly to the compensation for the public service. Where the duty exists the liability is for negligence of commission or omission that proximately causes injury. The legal duty of the defendant was to furnish water as required by law because of the public service undertaken. Furnishing water for the use of the inhabitants of the city is not a sovereign governmental function that cannot be delegated, but it is a public service that is in fact being performed by a private corporation for a municipal purpose as distinguished from a sovereign govermental purpose. See Davoust v.

City of Alemeda, 149 Cal. 69, 84 Pac. Rep. 760, 9 A. & E. Ann. Cas. 847 and note. Such corporation is not the agent of the municipality. The duties of the corporation in rendering the public service are implied by law in the absence of express enactments covering the duties, and contracts are not essential to the reciprocal duties and obligations that are incident to the rendering of a service of a public nature. Contracts made with reference to the rendering of a public service are subject to controlling provisions and principles of law. State v. Tampa Water Works Co., 56 Fla. 858, 47 South. Rep. 358. The duties of a public service corporation whether expressed or implied by law may be enforced by mandamus. Such duties are therefore not mere contract obliations even though a contract be made with reference to the service. Liability for a tort arises for the violation of a duty expressed or implied by law.

By implication of law there is imposed upon all corporations engaged in performing a service of a public nature the duty to render for a reasonable compensation and without unjust discrimination a service reasonably adequate to meet the just requirements of those directly affected by the service. State ex rel. Ellis v. Atlantic Coast Line R. Co., 53 Fla. 650, 41 South. Rep. 213, 13 L. R. A. 32; Griffin v. Goldsboro Water Co., 122 N. C. 206, 30 S. E. Rep. 319. For negligence in performing this duty the corporations are liable in damages to those specially and proximately injured thereby. A failure to perform a duty may be mere negligence or it may in effect be an abuse of franchise privileges or an unjust discrimination in the performance of a public service. The absence of a contractual relation between a person injured and the person whose negligence caused the injury is not material in any case where the negligent person

owed to the person injured a duty of using due care to prevent the injury.

A duty may arise by implication of law out of the relation existing between persons in the interest of common justice and the general welfare.    When the duty exists there is a corresponding liability in damages for an injury proximately resulting from negligence of omission or commission in the performance or non-performance of the duty where the injury should reasonably have been foreseen as naturally and probably to occur in consequence of the negligence.   If under the circumstances of the negligence the injury should   reasonably have been foreseen as likely to occur as a proximate result of the negligence, damages may be recovered for any injurious consequences that naturally and ordinarily flow from the injury.   See 1 Thomp. on Neg. Secs. 4, 28, 50 *et seq.*

When a public service corporation chartered for the purpose exercises franchises and actually undertakes, for a compensation paid from a special tax levy, to render the public service of supplying to a city and its inhabitants water adequate for all purposes, including fire protection to the property of the city and its inhabitants, a relation between the corporation and the individual property holder is thereby established which by implication of law imposes reciprocal duties and obligations upon the parties.    Furnishing water as a fire protection to public and private property in a city is a service of a public nature.    A duty imposed upon the corporation is to furnish as required by the express or implied provisions of law applicable in such cases, a supply of water reasonably adequate to extinguish fires within the territory covered by the undertaking.    A duty of the individual property holders is to pay the tax to compensate for the service. The individual has a right to rely upon the proper rendering of the service for the purpose designed.    The cor-

poration is entitled to be protected in its property rights and in the proper discharge of its duties, and to reasonable compensation for the service. If the corporation or the individual fails to discharge duties imposed by law appropriate remedies are afforded by due course of law.

The consideration for which the franchises were granted and annual payments made to the defendant is not merely the lessening of risk of destruction by fire and the lowering of insurance rates by furnishing water irregularly if the company so chooses, but the purpose was to secure a constant adequate supply of water. If there is negligence in this there is liability. If no negligence there is of course no liability. No risk of an insurer or corresponding compensation is involved. The compensation is for adequate service and the liability is for negligence in rendering the service.

·Where the performance of a particular service is undertaken the law by implication imposes a duty to properly render the service, and liability for negligence in the performance of the duty is also imposed by law. See 1 Street on Foundation of Legal Liability 92, 185, *et seq.;* 1 Kinkead on Torts, Sec. 244.

In jurisdictions where it is held there can be no recovery by an individual on a contract made with the city to furnish water for fire protection, it is also held that the duties of the water companies may be enforced by mandamus, thus fixing the duties as being expressed or implied by law and not merely defined by contract. See Robbins v. Bangor R. & Electric Co., 100 Me. 496, 62 Atl. Rep. 136, 1 L. R. A. (N. S.) 963; Haugen v. Albina Light & Water Co., 21 Or. 411, 28 Pac. Rep. 244, 14 L. R. A. 424; 26 Cyc. 378, and cases cited in note 53. See also Pond v. New Roshelle Water Co., 183 N. Y. 330, 5 A. & E. Ann. Cas. 504, 1 L. R. A. (N. S.) 958;

Independent School Dist. of Le Mars v. Le Mars City Water & Light Co., 131 Iowa 14, 107 N. W. Rep. 944, 10 L. R. A. (N. S.) 859; 6 Current Law, 1869.

The leading case of Fowler v. Athens City Waterworks Co., 83 Ga. 219, 9 S. E. Rep. 673, 20 Am. St. Rep. 313, holding that where there is no contract obligation to an individual there can be no recovery *ex delicto* as there was in that case no duty imposed by law, has been differentiated if not modified by the late case of Freeman v. Macon Gas, Light & Water Co., 126 Ga. 843, 56 S. E. Rep. 61, 7 L. R. A. (N. S.) 917, in which it is held that the water company being a public service corporation is liable for its wrongful act in relation to a duty it owed to a member of the general public by virtue of a statute. It may be that the statutory duty in the Freeman case was but a duty that would have been implied. If the company is liable for wrongs committed as to express legal duties there seems to be no valid reason why liability does not exist for a negligent omission, or for an omission without valid excuse, to perform a duty implied by law from the relation voluntarily assumed by the corporation towards the individual property holders of the city who are affected by the public service engaged in by the corporation. The individual property holders of the City of Tampa have a direct and beneficial interest in the furnishing of water by the defendant for fire protection, rely upon the service undertaken by the defendant as a protection to their property and pay a special tax to meet the expense. The late case of Holloway v. Macon Gaslight & Water Co.,    Ga.   , 64 S. E. Rep. 330 simply follows the Fowler case.

In the elaborately considered case of Allen & Currey Mfg. Co. v. Shreveport Waterworks Co., 113 La. 1091, 37 South. Rep. 980, 2 Am. & Eng. Ann. Cas. 471, where it was held that under the statute of that State an individual

could not recover on the contract with the city the court took care to say: "It is well to note that this suit is distinctly *ex contractu,* upon the contract of the city with the defendant company, and not *ex delicto,* upon the breach of any general duty to society, or any duty specifically imposed by statute." To the same effect see Howsmon v. Trenton Water Co., 119 Mo. 304, text 315, 24 S. W. Rep. 784, and other cases where the action was *ex contractu.*

In undertaking to furnish water to extinguish fires in the city the water company uses public franchises and engages in performing service of a public nature. State *ex rel.* v. Tampa Waterworks Co., 56 Fla. 858, 47 South. Rep. 358; City of Tampa v. Tampa Waterworks Co., 45 Fla. 600, 34 South. Rep. 631, 199 U. S. 241, 26 Sup. Ct. Rep. 23.

The duties of the corporation in performing the public service so undertaken are such as are expressed or implied by law. See State *ex rel.* Ellis, Attorney General v. Atlantic Coast Line R. Co., 53 Fla. 650, 44 South. Rep. 213, 13 L. R. A. (N. S.) 320; Western Union Tel. Co. v. Milton, 53 Fla. 484, 43 South. Rep. 495; State *ex rel.* Attorney General v. Atlantic Coast Line Ry. Co., 52 Fla. 646, 41 South. Rep. 705, 12 L. R. A. (N. S.) 506. The law imposes duties commensurate with the reasonable requirements of the service undertaken. Furnishing water for fire protection is as much a public service as furnishing water for individual consumption and use.

By using the public franchises and engaging in rendering the public service of furnishing water for fire protection the waterworks company assumed the duty imposed by implication of law to furnish for the inhabitants of the city individually and collectively a supply of water in established hydrants reasonably adequate to meet the just and lawful requirements of the public

service undertaken. Any individual may recover damages from the company for its negligence in performing the public service engaged in when such negligence is a proximate cause of a special injury to such individual that should have been contemplated as a natural, ordinary and probable result of the negligence. The public service engaged in by the defendant of furnishing water to be used in extinguishing fires is for the benefit and protection of the city and of its individual property holders. The service is paid for by the property holders through a special tax levy for that purpose. Hence the duty to plaintiff. The fact that the property holders pay for the fire protection through a special tax levied for that purpose, and consumers of water pay directly for water consumed in ordinary use, does not affect the public nature of the duty of the water company or the relation existing between the water company and the individual property holders of the city with reference to supply the water for fire protection.

A total failure to perform the public duty may be an abuse of public franchises and a violation of charter rights and duties for which remedies are afforded through public agencies. For special injuries to individuals proximately caused by negligence in the discharge of a duty there is liability for damages in an action by the person so injured. See Whittaker's Smith on Neg. 294.

One who is not a party or privy to a contract or who is not the real party in interest, cannot, in general, maintain an action for a breach of duty arising out of the contract; but if a duty exists independently of the contract an action may be maintained for a breach of the duty, and the contract may tend to show the relation out of which the duty arises. See Marvin Safe Co. v Ward, 46 N. J. L. 19. See also Lampert v. Laclede Gas-Light

Co., 14 Mo. App. 376; Rich v. N. Y. ·C. & H. R. Ry., 87 N. Y. 382.

A duty and a corresponding liability for negligence in the performance of the duty may arise by implication of law out of the relation of parties to one another. It is the duty of every one to so exercise his own rights as not to injure others in the enjoyment of their rights. See Andrews American Law 1232, 1330. It is the duty of those having the control of property to so use and manage it as that others will not be injured by the negligent use or control of the property. See Benedict Pine Apple Co. v. Atlantic Coast Line ʼR. ·Co., 55 Fla. 514, 46 South. Rep. 732; Young v. Waters-Pierce Oil Co, 185 Mo. 634, 84 S. W. Rep. 929; Houren v. ·Chicago, M. & St. P. ·Ry. ·Co., 236 Ill. 620, 86 N. E. Rep. 611.

Where there is a duty there is a corresponding liability for injuries proximately resulting from negligence of commission or omission in the discharge of the duty where the injury should have been contemplated as likely to result from the negligence and the plaintiff is not at. fault. The measure of the liability may be compensation for injury or losses proximately caused by the negligence, or the liability may be in punitive damages as the circumstances may warrant under the law. By implication of the law the duty is imposed upon those using public franchises and engaged in a public service to render the service undertaken so as to comply with the requirements of law and so as not to injure others. This necessarily includes the duty to properly and adequately serve the individual members of the public in the manner and to the extent lawfully required because of the public service engaged in. Ordinarily the corresponding liability is for compensation in damages for injuries proximately resulting from negligence in the discharge of the duty imposed by law. Remote and speculative injuries are

not compensated for in damages.    Failure without valid excuse to discharge a duty imposed by implication of law under the circumstances of the case may be negligence.

The nature of the service undertaken by the defendant and the benefits to be derived from it indicate a duty to individuals and a consequent liability for negligence. See Hayes v. Michigan Cent. R. Co., 111 U. S. 228, 4 Sup. Ct. Rep. 369.

No privity of contract is necessary to support an action in tort for a direct invasion of a legal right, or for the infraction of a duty implied by law where special injury to an individual results from the infraction.

Where there is a duty and negligence in performing the duty with resulting injury, there is liability.

Where a case is new in instance, but not in principle, it is the duty of the court to apply remedies applicable to cases coming within existing principles, even though the principle has not before been applied.    Modern developments in the rendering of public service by corporations require the application of old legal principles to new circumstances as they arise in particular cases.    See State v. Atlantic Coast Line R. Co., 56 Fla. 617, 47 South. Rep. 969, text 976; Pavesich v. New England Life Ins. Co., 122 Ga. 190, 50 S. E. Rep. 68, 2 A. & E. Anno. Cases 561, 69 L. R. A. 101.

While the contract obligation is with the city in its corporate municipal capacity, it is for the immediate benefit of the individual property holders, and the public service undertaken is to furnish water for extinguishing fires on the property of the city and of individuals.    The compensation received for this service from the tax-payers through the city is for the entire service covering protection to the property of individuals as well as to the public property of the city.    The franchises used by

the water company in rendering the public service belong to the public, and the use of them is granted or permitted primarily. for the benefit of the public collectively and individually. If the public service is in good faith assumed to be performed by the use of public franchises and for compensation paid by individuals through the taxing power of the city, such undertaking by implication of law imposes upon the water company duties to individuals for whose benefit the service is rendered, and the company is liable for injuries proximately caused by negligence whether of omission or commission in performing the duties, and those who are thus injured may maintain actions for damages for the injuries in the absence of other remedies expressly provided by law. If the service is not engaged in in good faith and if the obligation to perform the duties assumed is only apparent and not real, the undertaking is a delusion and a fraud, in that the company will be using public franchises and receiving compensation for the ostensible purpose of serving the public, which service the corporation without valid excuse neglects to render to the injury of those who have a right to rely upon the service and do rely upon it for protection, and who by virtue of a special tax levy for that purpose contribute compensation for the service, and make no other provision for the protection they have a right to assume will be furnished by the water company. A *bona fide* undertaking of the service imposes duties and corresponding liabilities commensurate with the reasonable lawful requirements of those who are to be served. An assumption of the service without a purpose and liability for its reasonably adequate performance renders the company a menace instead of the protection contemplated by law and by the beneficiaries. If the water company furnishes the water as required by the provisions and principles of law applicable to the service assumed and

to the duties it owes under particular circumstances as they may exist, or if it has a valid excuse for not furnishing the water, there is no liability growing out of its duties to the public. The liability is for negligence of omission or commission in the performance of the duties imposed by law. If there is no negligence that proximately causes injury to others no liability is imposed by law.

It is assumed that the duty imposed by the contract in this case is commensurate with the reasonable requirements of the public to be served. The contract may certainly be regarded as evidence to be considered with other matters in determining the duty of the defendant in rendering the service under the law. In the absence of express provisions of law covering the entire subject the duty of the defendant raised by implication of law is to so render the public service undertaken as to adequately comply with the reasonable and lawful requirements of those affected by the service. The duty the defendant owed directly and primarily to the plaintiff, by virtue of the public service being performed, was to furnish water for extinguishing fire in the plaintiff's house in the manner and to the extent lawfully required by the public authorities under prescribed valid regulations or by the contract and implied provisions and principles of law which are a part of the contract in such cases in the absence of express valid regulations. For a breach of this duty causing special injury an action for damages may be maintained, no other remedy being expressly provided by law or by stipulation.

The allegations of negligence admitted by the demurers do not state facts sufficient to show that the negligence charged was a proximate cause of the injury complained of.

The negligent failure of the defendant to furnish

water reasonably sufficient to extinguish fires ocurring upon property within the range of the service undertaken, renders the defendant liable for injuries proximately caused by such negligence.

If the negligent failure of the defendant to furnish water as required by law where the fire started was a proximate cause of the burning of the plaintiff's property some distance away, ultimate facts showing this should be allowed with certainty and directness.

If because of the defendant's negligent failure to furnish water where the fire started, and because of usual natural conditions that were ordinarily likely to exist under the circumstances and should reasonably have been contemplated as probably to occur, the the fire, as a proximate result of the defendant's negligence, spread to and consumed the plaintiff's property, the defendant may be liable if it did not so discharge its immediate duty to the plaintiff by furnishing water at or near the plaintiff's house that could reasonably, under the circumstances as they then existed, have been successfully used in extinguishing the fire when it reached the plaintiff's property. If the defendant was not negligent in failing to furnish water for the immediate protection of the plaintiff's property, but as a proximate result of the defendant's negligence in not furnishing water as legally required where the fire started or at points covered by the conflagration before it reached the plaintiff's property, the fire spread to and consumed the plaintiff's property because it could not reasonably have been extinguished at the plaintiff's house by the use of the water furnished there, the defendant may be liable.

Even though the defendant was negligent in not furnishing water where the fire "existed" before it reached the plaintiff's property, if such negligence was not in fact a proximate cause of the loss there is no liability.

The allegation that "the defendant was then and there neglectful of its duties in the premises and negligently failed to furnish an adequate supply of water in accordance with said contract, and negligently failed to supply said hydrants in the immediate section where said fire existed with water for fire purposes giving a first-class fire protection in accordance with said contract, and by reason of the defendant's negligence as aforesaid said fire was not extinguished and then and there spread to and burned the plaintiff's said property," does not negative the performance by the defendant of its duty to the plaintiff to furnish water as required by law for the immediate protection of the plaintiff's house; nor does the allegation contain facts showing that the negligent failure to furnish water where the fire "existed" was a proximate cause of the loss notwithstanding the presence of water as legally required at or near the plaintiff's house.

Where negligence is the basis of an action, the declaration should contain allegations of the negligent act or omission complained of, and also allegations of the injury sustained, and of facts showing that such injury was a proximate result of the negligence alleged. German-American Lumber Co. v. Brock, 55 Fla. 577, 46 South. Rep. 740; Leynes v. Tampa F. & M. Co., 56 Fla. 488, 47 South. Rep. 918.

The rule in actions *ex delicto* is that the injury must be such as the parties should reasonably have contemplated as the ordinary, natural and probable result of the negligence alleged. If the injury is a natural, probable and ordinary result of the negligence alleged, it will be held to have been contemplated by the parties. The particular consequences of the injurys need not have been in fact contemplated. If the injury should have been contemplated there is liability for all the consequences of the injury that flow in uninterrupted sequence from the orig-

inal negligent default whether such particular conse-
quences of the injury were in fact contemplated or not.
See Benedict Pineapple Co. v. Atlantic Coast Line R. Co.,
55 Fla. 514, 46 South. Rep. 732; Western Union Tel.
Co. v. Merritt, 55 Fla. 462, 46 South. Rep. 1024, 2 An-
drews American Law, 1233. If the injury could not
reasonably have been anticipated as probably to occur.
actionable negligence is not imputed.    See Atchison, To-
peka, and Santa Fe Ry. Co., v. Calhoun,      U. S.    ,
Sup. Ct. Rep.    , February 23rd, 1909; Jacksonville, T.
& K. W. Ry. Co. v. Peninsular Land, Transp. & Manuf'g
Co., 27 Fla. 1, 9 South. Rep. 661; Texas & P. Ry. Co. v.
Bigham, 90 Tex. 223, 38 S. W. Rep. 162; Texas & P.
Ry. Co. v. Short, (Texas Civ. App.) 58 S. W. Rep. 56;
Davis v. Chicago, M. & St. P. Ry. Co., 93 Wis. 470, 67
N. W. Rep. 16, 1132, 33 L. R. A. 654; 29 Cyc. 495; 1
Thompson on Neg. §§ 28, 57; 1 Street on Foundation
Legal Liability, 89; Deisenrieter v. Kraus-Merkel Malt-
ing Co., 97 Wis. 279, 72 N. W. Rep. 735; Feldschneider
v. Chicago, M. & St. P. R. Co., 122 Wis. 423, 99 N. W.
Rep. 1034; Foster v. Chicago, R. I. & P. R. Co., 127
Iowa 84, 102 N. W. Rep. 422; Phillips v. Durham & C.
R. Co., 138 N. C. 12, 50 S. E. Rep. 462, 3 Anno. Cases
384 and notes.

The law contemplates that public utility corporations
shall render with reasonable adequacy and efficiency the
public service undertaken, and that such corporations
shall respond in damages for negligence resulting in in-
jury to others.    But the law does not contemplate that
damages may be recovered for any and all injuries that
may be shown to have resulted from acts or omissions of
the corporations.    Such a rule would be patently unjust
and would be detrimental to the public welfare.    If pub-
lic service corporations are required to pay damages for
which they are not legally and reasonably responsible, it

would unjustly affect the property rights of the company and also the rates afforded the public for the service rendered. Hildreth v. Western Union Tel. Co., 56 Fla. 387, 47 South. Rep. 820. The corporation is liable in damages for such injuries as naturally, ordinarily and proximately flow from a particular negligent act or omission, for the company is held to have contemplated the probable consequences of its negligence. For extraordinary or unusual consequences there is in general no liability unless under the particular circumstances of the case the unusual consequences should reasonably have been foreseen as probably to result from the particular negligence. Where the injuries are extraordinary, remote or speculative, or could not reasonably have been foreseen as probably to result from the negligence, or where the injury is the result of an intermediate independent efficient cause, or where the party injured is guilty of contributory negligence there can in general be no recovery.

If the defendant continues to engage in the public service undertaken it will be held liable in damages for its negligence in the performance of its duty which proximately results in particular injuries even though the defendant has not been paid all that is due to it for the public service. The rights of the defendant may be enforced by due course of law, and if it fails to maintain its rights it cannot for that reason be relieved of its duty in a public service which it continues to appear to perform as undertaken.

An exhibit may by apt words be made a part of a declaration *ex contractu* or *ex delicto*. See State v. Seaboard Air Line Ry., 56 Fla. 670, 47 South. Rep. 986.

Unless the existence or action or the non-existence or non-action of the fire department of the city is an element in determining whether the negligence of the defendant was a proximate cause of the injury to the plain-

tiff the "mention of the fire department" in the declaration does not appear to be essential.

Rehearing denied.

All concur except COCKRELL, J., who took no part.