ANGEL M. YUMET, Petitioner and Appellee, *v.* WENCESLAO HERRERA, MAYOR OF AGUADILLA, ET AL., Respondents and Appellants.

No. 6763. Argued December 3, 1935.—Decided December 11, 1935.

*Luis A. Rosario* for appellant.　*José Veray, Jr.,* for appellee.

Mr. Justice Córdova Dávila delivered the opinion of the court.

Angel Yumet applied for a writ of mandamus to compel Wenceslao Herrera and José Badillo Nieves, respectively Mayor and Treasurer of the Municipality of Aguadilla, to restore the water service which had been discontinued by said officers in two houses belonging to him situated on José de Diego Street in said city. In the instant case no testimonial evidence was introduced and it has been admitted by the respondents as well as by the petitioner that each and every allegation of the petition for mandamus and of the answer have been sufficiently and duly proved. However, as we shall see further on, there is some conflict as to a certain particular in the admissions of the parties which in our view is immaterial, for despite this apparent contradiction, the very facts alleged and the conclusions of the lower court tend to facilitate the determination of the fundamental question giving rise to this litigation.

The Municipality of Aguadilla is an organized municipal corporation, which furnishes electric current for lighting purposes and also operates a system of waterworks, charging to the consumers of water the rates fixed by the schedule authorized by an ordinance of said municipality entitled "An Ordinance to Regulate the Installations and Charges for Water Supplied by the Aqueduct of Aguadilla."

The city of Aguadilla has a sewerage system and the municipality has approved an ordinance known as "Municipal Excise Taxes," which fixes certain and definite excise taxes for the use of the sewers.

Petitioner is the owner of two houses using the municipal services of light, water, and sewerage, and he has paid for the services of light and water, but not for the use of the sewers. In August 1933, petitioner was owing for the services of light and water to said two houses, for the months of June and July, 1933, and on August 16 of that year he wrote a letter to the respondent, Treasurer and School Director of Aguadilla, enclosing a check payable to his order, drawn against the Banco Agrícola of said city, for the sum of $25.87, in payment of services of electric light and water to the houses belonging to him. The treasurer returned this check, stating that it was not his policy to accept checks in payment and that petitioner's remittance did not cover the amount due, the payment of which had been demanded. In view of this refusal, the treasurer was requested to accept a postal money order for the said sum. Petitioner instructed Attorney José Veray to personally make the payment for said municipal services of light and water, but the treasurer refused to accept the sum tendered, stating that he had been directed by the Mayor, Wenceslao Herrera, not to accept any payments for light and water services until the excise taxes for the use of the sewerage system were paid. Petitioner was deprived of the water service in the two houses belonging to him for failure to make said payment. It was so found by the lower court in rendering its judgment directing the restoration of such service. "It does not appear," said the trial court, "from the municipal ordinances relating to the water, light, and sewer services that the failure to pay for the sewer service carries with it the penalty of being deprived by the municipality of the water service."

The respondents appealed from the judgment rendered, and have assigned several errors to the effect that the lower

court erred in not quashing the writ of mandamus issued, claiming that the petitioner has available other ordinary remedies; that the remedy exercised does not lie to control the discretion of an officer; that there is not a clear right to resort to the writ of mandamus; that this writ only lies to compel the performance of an act which the law expressly orders as a duty resulting from the office; and that as in this specific case it is sought to enforce a contract for the supply of water, the writ of mandamus applied for does not lie.

██ Appellants maintain that there are available other ordinary remedies which have not been exercised in this case, and point out the failure to deposit in court the amount owing and due to the municipality. It is claimed that petitioner should have paid the money into court (*"consignación"*) as a condition precedent to the exercise of the remedy of mandamus. We do not agree. The municipal treasurer refused to accept the payment tendered by petitioner in legal currency of the United States, and the municipality cut off the supply of water to both houses and refused to restore it. The petitioner was not bound to deposit any sum in order to enforce his right to have the suspended service restored by means of the extraordinary remedy of mandamus. Section 83 of the Municipal Law in force provides that the district courts will have jurisdiction at the instance of an aggrieved party to compel by mandamus the compliance with ministerial duties by municipalities or municipal officers.

This court in the case of *Torres* v. *Capestani,* 30 P.P.R. 723, construing the above-cited section, declared that the writ of mandamus lies to compel a municipal officer to provide a consumer with electric current when the officer in charge refuses to do so without any lawful reason.

In the case of *City of Camilla* v. *Norries,* 67 S. E. 940, a writ of mandamus was sought to compel the municipal authorities to supply water at the residence of the petitioner. It was alleged that the municipality had established a water

system to which petitioner's residence was connected and that without cause had stopped the water service, although petitioner owed nothing for water rent, and tender of payment in advance was made for the service desired. It was held that the petition was not subject to dismissal on the ground that petitioner had a specific legal remedy. The judgment of the lower court granting the writ of mandamus was affirmed. See also the cases of *Robbins* v. *Bangor Ry. & Electric Co.,* 100 Me. 496, 62 A. 136; *Bourke* v. *Olcott Water Co.,* 84 Vt. 121, 78 Atl. 715; *Independent School Dist.* v. *Le Mars City Water & L. Co.,* 131 Iowa 14, 107 N. W. 944; *Haugen* v. *Albina Light & Water Co.,* 21 Or. 411, 28 Pac. 244; *Lubrawka* v. *Spring Valley Water Co.,* 169 Cal. 318, 146 Pac. 640; *Poole* v. *Paris Mountain Co.,* 81 S. C. 438, 62 S. E. 874.

 It is also maintained that the court committed error in weighing the evidence. The basis of the alleged error seems to be that the court *a quo* declared that the fundamental ground for the petition for mandamus was the discontinuance of the water service to the petitioner, for failure to pay the excise tax which he owed for the use of the sewer system. We have said that the facts alleged were admitted and that there existed a certain particular as to which there was some conflict in the admissions of the parties. Petitioner alleged that on August 11, 1933, the service of water was discontinued in the two houses belonging to him, and that he was deprived of this service because he had not paid the excise tax for the use of the sewerage system. Respondents denied this allegation and set up that it was on August 16, 1933, that the water service of petitioner had been discontinued.

Respondents admitted that each and every allegation of the petition for mandamus had been sufficiently and duly proved by petitioner, who in turn admitted that the facts alleged in the answer had also been proved. In the sixth paragraph of the answer and in connection with the above-

mentioned allegation of the petitioner, which appears in the thirteenth paragraph of the petition, it is said:

"Regarding the thirteenth paragraph of the amended petition, respondents deny as untrue that it was on August 18, 1933, that the water service in the houses alleged to belong to petitioner was discontinued, and also deny for lack of information and belief that one of said houses was vacated immediately due to the illegal act of respondents in disconnecting and discontinuing the municipal service of water therein; and respondents also deny that their attitude was due solely and exclusively to the refusal of the petitioner to pay the excise tax for the use of the sewer system; and on the contrary the treasurer and school director, respondent herein, alleges that on August 16, 1933, in view of the refusal of petitioner to pay the excise tax for water and sewerage, he gave orders for the discontinuance of the water service to petitioner."

The fact that the service of water to petitioner was discontinued on the 16th and not on the 18th of August, in our judgment, is immaterial, since the respondents themselves admit that owing to the failure of petitioner to pay the excise tax for water and sewerage services, the treasurer ordered the discontinuance of the water service. Respondent José Badillo Nieves, Treasurer and School Director of the Municipality of Aguadilla, alleged that his refusal to receive the amount tendered in payment of petitioner's debt was due to his obligation to comply strictly with an executive order of the Mayor, wherein he was ordered not to receive any money in payment of water supplied from the aqueduct, unless the amount due on account of the sewerage service was also paid. Said respondent also alleged that he refused to receive the payment tendered by petitioner for the service of water because the ordinance relating to the use of water, as now in force, provides that every consumer of water whose property has been deprived of water service because of failure to pay for the same shall pay $1 when said water service shall be restored. It has been shown that, although petitioner offered to pay the sum he owed for the service of water, respondents continued to deprive him of said service.

From the evidence it does not appear that the attitude of the municipality was due to the failure of petitioner to pay the sum of $1 for the restoration of the service. As we have previously said, the respondents themselves admitted and averred that in view of the refusal of petitioner to pay both excise taxes, the treasurer ordered the cutting off of the water supply.

We have carefully examined the pleadings and the evidence introduced, and the findings made by the lower court with reference to the facts alleged and proved seem to us to be correct. There is no doubt that petitioner was deprived of the water service and was denied the restoration thereof because he had not paid for the use of the sewerage service. As aptly said by the court, there is no provision which imposes as a penalty the deprivation of the water service to a person who fails to pay for the use of the sewer system. And if, in the absence of such provision, the municipality could deprive a person of the use of water to compel him to pay for the sewer service, use could be made also of this drastic method to collect any other debt in its favor. The law does not vest the municipality with power to adopt such an extreme measure as that of depriving a person of the water service, on the ground that the latter has failed to pay other charges made for a different service.

The judgment appealed from must be affirmed.