SOUTHERN EXPRESS CO. *v.* ST. LOUIS, IRON MOUNTAIN & SOUTHERN
RY. CO.*

(*Circuit Court, E. D. Missouri.*   March 25, 1882.)

In Equity.   Final decree.

The opinion in the above-entitled cause was delivered on the twenty-first day of February, 1882.   A full report will be found at page 210, *ante.*

The following final decree was rendered in the case, by Judge Mc-Crary, on the twenty-fifth day of March, 1882:

### FINAL DECREE.

And now this day come the parties aforesaid, and by their counsel, then and there present, bring on this cause to be heard on the pleadings and proofs, and the same were then and there presented to the court, and the argument of counsel for the respective parties is heard, and the said cause is then and there submitted, and due deliberation having been thereupon had,—

It is by the court ordered, adjudged, and decreed as follows:

(1) That the express business, as fully described and shown in the record, is a branch of the carrying trade that has, by the necessities of commerce and the usages of those engaged in transportation, become known and recognized so as to require the court to take notice of the same as distinct from ordinary transportation of the large mass of freight usually carried on steam-boats and railroads.

(2) That it has become the law and usage, and is one of the necessities of the express business, that the property confided to an express company for transportation should be kept, while in transit, in the immediate charge of the messenger or agent of such express company.

(3) That to refuse permission to such messengers or agents to accompany such property on the steam-boats or railroads on which it is to be carried, and to deny to them the right to the custody of the property while so carried, would be destructive of the express business, and of the rights which the public have to the use of such steam-boats and railroads for the transportation of such property so under the control of such messengers or agents.

(4) That the defendant, its officers, agents, and servants, have no right to open or inspect any of the packages or express matter which may be offered to it for transportation by the plaintiff's company, or to demand a knowledge of the contents thereof, nor to refuse transportation thereof, unless such inspection be granted or such knowledge be afforded.

(5) That it is the duty of the defendant to carry the express matter of the plaintiff's company, and the messengers or agents in charge thereof, at a just and reasonable rate of compensation, and that such rate of compensation is to be found and established as a unit, and is to include as well the transporta-

*Reported by B. F. Rex, Esq., of the St. Louis bar.

tion of such messengers or agents as of the express matter in their custody and under their control.

(6) That on and subsequent to the first day of April, 1878, the said defendant afforded to the said plaintiff all the facilities needed by it for the conduct of its express business over the defendant's lines, and such as were specifically provided for in the contracts in the bill herein set forth; that thereafter the defendant notified the plaintiff that such facilities would be withdrawn; and that it was the intention and purpose of the defendant to exclude the plaintiff's company from its lines on and after the twenty-fifth day of May, 1880; that such intention and purpose were restrained by the preliminary injunction order of the court, which said injunction order was afterwards modified, as appears in the record.

(7) That it is the duty of the defendant to afford to the plaintiff all express facilities, and to the same extent and upon the same trains that said defendant may accord to itself, or to any other company or corporation engaged in the conduct of an express business on the defendant's lines, and to afford the same facilities to plaintiff on all its passenger trains.

(8) That the plaintiff keep and render monthly a true account of the services performed for it by defendant, and pay therefor at the rate hereinafter specified, on or before the fifteenth of each month after the date hereof, for the business of the month preceding, and that the defendant has no right to require prepayment for said express facilities, or payment therefor at the end of every train, or in any other manner than as is herein provided; and that plaintiff execute and deliver to the defendant a bond in the sum of one hundred and fifty thousand dollars, ($150,000,) conditioned well and faithfully to make such payments as are herein provided, and with surety to be approved by a judge of the court.

(9) That it is and was the duty of the said defendant to afford and to have afforded such facilities to the plaintiff as herein specified for a just and reasonable compensation.

(10) Whereas, it is alleged by complainant that, since the commencement of this suit and the service of the preliminary order of injunction herein, the defendant has, in violation of said injunction and of the rights of complainant, made unjust discriminations against complainant, and has charged complainant unjust and unreasonable rates for carrying express matter; therefore, it is ordered that complainant have leave hereafter to apply for an investigation of these and similar allegations, and for such order with respect thereto as the facts, when ascertained, may justify, and for the appointment of a master to take proof and report thereon.

(11) That the defendant, its officers, agents, servants and employes, and all persons acting under their authority, be, and they hereby are, permanently and perpetually enjoined and restrained from interfering with, or disturbing in any manner, the enjoyment by the plaintiff of the facilities provided for in this decree to be accorded to it by the said defendant upon its lines of railway, or such as have been heretofore accorded to it, for the transaction of the business of the plaintiff, and of the express business of the public confided to its care, and from interfering with any of the express matter or messengers of the plaintiff, and from excluding or rejecting any of its express matter or

messengers from the depots, trains, cars, or lines of the said defendant, as the same are by this decree directed to be permitted to be enjoyed and occupied by the said plaintiff, and from refusing to receive and transport in like manner as the said defendant is now transporting, or as it may hereafter transport, for itself or for any other express company over its lines of railway, the express matter and messengers of the said plaintiff, and from interfering with or disturbing the business of the said plaintiff in any way or manner whatsoever; the said plaintiff paying for the services performed for it by the defendant monthly, as herein prescribed, at a rate not exceeding 50 per centum more than its prescribed rates for the transportation of ordinary freight, and not exceeding the rate at which it may itself transport express matter on its own account, or for any other express or other corporation, or for private individuals, reserving to either party the right at any time hereafter to apply to this court, according to the rules in equity proceedings, for a modification of this decree, as to the measure of compensation herein prescribed.

It is further ordered, adjudged, and decreed that the defendant pay the costs to be taxed herein, and an execution on a fee bill issue therefor.

GEO. W. McCRARY,<br>Circuit Judge.