CASE 111—ACTION FOR AN INJUNCTION—Nov. 13.

# Louisville & N. R. R. Co. v. Pittsburg & K. Coal Co.

APPEAL FROM CAMPBELL CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS—REVERSED.

RAILROADS—CONTRACT FOR EXCLUSIVE USE OF TRACK BY SHIPPER—
MANDATORY INJUNCTION TO COMPEL RAILROAD COMPANY TO FUR-
NISH CARS.

Held: 1. A contract whereby defendant railroad company under-
took to grant to a coal company the exclusive right to the
use of a certain switch track for hauling coal, in consideration
of the coal company's agreement to permit a part of the track
to be constructed over its land, is void, as against public
policy, and furnishes no excuse for defendant's refusal to haul
coal for plaintiff over the track.

2. The coal company, having permitted the construction and op-
eration of a part of the track through its property, can not
now prohibit the use of that part of the track, as large in-
vestments which are dependent for their profit upon the con-
tinued use of the track, have been made by other persons.

3. The fact that plaintiff may recover damages in an action at law
for defendant's refusal to furnish its cars for loading coal for
shipment furnishes no reason for refusing a mandatory injunc-
tion to compel defendant to furnish the cars.

4. It was error to grant a mandatory injunction to compel defend-
ant to stand freight cars on its track in the center of the
street in front of plaintiff's property to be loaded, in the absence
of express authority from the city to use the street in that
way, and of conclusive testimony that it would not be prejudicial
to the use of the track by defendant's other patrons.

WRIGHT & ANDERSON AND EDWARD W. HINES, FOR APPELLANT.

THOMAS P. CAROTHERS, FOR APPELLEE.

(No briefs in record.)

OPINION OF THE COURT BY JUDGE BURNAM—REVERSING.

This is an application for a mandatory injunction by
the Pittsburg & Kanawha Coal Company, requiring the
Louisville & Nashville Railroad Company to furnish cars

at its elevator and yard at Eleventh and Lowell streets, in the city of Newport, for the transportation of coal. The petition alleges that the Pittsburg & Kanawha Coal Company is a corporation under the laws of this State, engaged in the business of buying and selling coal, stone, sand, and other commodities at its coal elevator and warehouse at the northwest corner of Lowell and Eleventh streets; that the railway company is the owner and operates a switch track leading from a point outside the corporate limits of Newport, on its main track, near a place called Finchtown, on the Licking river, and thence along Lowell street, to the property of the Newport Rolling Mill Company; that the railroad company uses this switch track for the purpose of hauling freight to and from the place of business of various factories located on Lowell street to its main line, but that they have refused to deliver to them empty cars for the purpose of being loaded with coal, and have refused to haul from their place of business cars loaded with coal; that their elevator and warehouse are so located, as to the track of the defendant company on Lowell street, that cars can be easily loaded and moved, without injury or inconvenience to other merchants and shippers on the line of said track, and that defendants, S F. Dana, & Co., and the Campbell Creek Coal Company, are also engaged in the business of buying and selling coal; that their elevator and yards are located on the line of the defendant's switch, nearer to their main line and south of the corporation line of the city of Newport; that the railroad switch passes through their property, and that the railroad company, in consideration that no charge was made therefor, had agreed with the Campbell Creek Coal Company and S. F. Dana & Co. not to haul coal over the

switch for any other concern; that the right of way over Lowell street was conferred upon the appellant's vendor by the city of Newport for the express purpose of facilitating the business of various large enterprises fronting on Lowell street; that by reason of this contract with the Campbell Creek Company appellee refused to transfer coal for them; and that by reason thereof they are subjected to great inconvenience, injury, and damage, and ask that the railroad company be compelled to receive and make deliveries of cars loaded with coal to them in the same manner, and on the same conditions, as it receives and delivers similar cars to other persons engaged in the same line of business. The railroad company, S. F. Dana & Co., and the Campbell Creek Coal Company filed their joint answer, and say that the Louisville & Nashville Railroad Company is not the owner of that part of the switch which lies upon and over the lands of the defendant, the Campbell Creek Coal Company, and that it was expressly stipulated and agreed in the original contract by which the railroad company obtained the right of way through the lands of the Campbell Creek Coal Company; that no coal was to be hauled from any yard, elevator, or place over that part of the track, and that any violation of such agreement would entitle the Campbell Coal Company to withdraw the privilege to maintain, use, and occupy the track over its premises. It appears from the evidence that the switch track of the defendant was located over and along Lowell street, an unimproved street of the city of Newport on which are located a rolling mill, brick yard, iron and brass foundry, street car power house, and other enterprises, by virtue of an ordinance of the city, and that it connects with the railroad company's main line about a quarter of a mile south of the corporate limits of Newport, and runs

along Lowell street about a mile, to the Newport Rolling Mills; that that part of the track between the corporate limits of Newport and the main track runs through the lands of the Campbell Coal Company and S. F. Dana & Co.; that the track was built exclusively for the accommodation of various merchants whose premises fronted on Lowell street; and that all kinds of merchandise are hauled over it except coal; this commodity is only hauled from the Dana yards, which are located very near to the main line, outside of the city limits. It further appears that most of these business establishments have "spur tracks" connecting their business premises with the switch tracks; that appellee's property fronts on Lowell street about 120 feet; that they have no spur track connecting their property with the main switch, or authority from the city to use the street for that purpose, although very capable of being so used, but proposed to load and unload cars standing upon the switch track in the center of the street by means of wagons.

The first question to be considered is the validity of the contract between the railroad company and the coal company, giving them a monopoly of the business of shipping coal over this switch. Railroad companies are *quasi* public corporations, created for the purpose of exercising the functions and performing the duties of common carriers. These duties are defined by law, and in accepting their charters they necessarily took with them all the duties and liabilities annexed; and they are required to supply, to the extent of their resources, adequate faciliites for the transaction of all business offered, and to deal fairly and impartially with their patrons. McCoy v. Railroad Co. (C. C.) 13 Fed., 5; Munn v. Illinois, 94 U. S., 126 (24 L. Ed., 77). And they have no right to contract with

a corporation or individual to give exclusive rights to transfer any commodity over any part of their line. Appellants have by their charter the power of condemnation for right of way both for their main and switch tracks, and their obligations to the general public forbid that they should acquire such rights of way under such circumstances and conditions as render it impossible for them to impartially serve all their customers. In our opinion, the contract with the Campbell Creek Coal Company, giving them the exclusive use of the switch for coal purposes, was against public policy, and absolutely void. The railroad company could not, for the purpose of saving the expense of condemnation proceedings, make such a contract.

We deem it unnecessary in this proceeding to determine what may be the remedies of the Campbell Creek Coal Company growing out of the inability of the railroad company to perform its contract, but we are clearly of the opinion that they can not at this late day prohibit the use of that part of the track which passes through their property, as it is evident that large pecuniary investments have been made by other parties which are dependent for their profitable operation upon the continued use of the switch track.

The contention is made for the railroad company that appellee is not entitled to a mandatory injunction requiring them to fulfill their corporate obligations to furnish impartial service, because they have adequate relief in a court of law by suit to recover damages for the wrong done. Undoubtedly this remedy exists, but it is not the only means of relief which the law provides. By accepting its charter the railroad company assumed obligations to the public and the duty of enforcing these obligations, in the absence of some statute providing a different remedy, necessarily devolves upon courts of equity. Their juris-

diction to grant relief of this sort has been well established and defined.     Hays v. Pennsylvania Co. (C. C.) 12 Fed., 309; also the Express Case, decided by Justice Miller and Judge McCreary (C. C.) 10 Fed., 869; and the case of State v. Hartford & N. H. R. Co., 29 Conn., 546. It is plainly laid down in these and other cases that a railway company may be compelled by mandamus to carry out the object for which they were created, and to impartially and without discrimination serve the public.

But there is another feature presented by this case which remains to be considered.   Appellee has no spur or side track from Lowell street into its grounds, and seeks in this proceeding to compel the railroad company to stand the freight cars on their track in the center of Lowell street in front of their property, and to be loaded, and it does not appear that the city has ever authorized such a use of the street.   It is manifest that if appellant is required to halt cars on its track in front of appellee's place, and leave them there to be loaded and unloaded, it will materially obstruct the use of the switch track by parties living beyond appellee's yard, and might subject appellant to prosecution by the city for unlawfully obstructing a public street and converting it into a private coal yard.   In the absence of express authority from the city of Newport authorizing such use of the street, and conclusive testimony that it would not be prejudicial to the use of such switch by the appellant's other patrons, we think the court erred in granting the injunction.

For this reason the judgment granting the injunction is reversed, and cause remanded for proceedings consistent with this opinion.