Johnson v. Atlantic City Gas and Water Co.

---

RALPH A. JOHNSON and FRANK C. CRIDLAND

*v.*

THE ATLANTIC CITY GAS AND WATER COMPANY.

[Filed May 29th, 1903.]

An injunction is not a proper process to compel a gas company to furnish gas to a consumer, unless it is shown that a *mandamus* is not an adequate remedy.

---

On demurrer to bill.

Johnson *v.* Atlantic City Gas and Water Co.

*Mr. Clarence L. Cole,* for the demurrer.

*Mr. John B. Slack* and *William M. Clevenger,* for the complainants.

REED, V. C.

This bill is filed by a landlord and by a tenant of a dwelling-house in Atlantic City. It is filed to compel the defendant, a gas and water company, incorporated under the laws of this state, to supply this dwelling-house with gas. The house is connected with the gas company's reservoir by pipes. The tenant, Cridland, rented the house of Johnson, and then applied to the gas company to have the gas turned on. The company refused to do so until an unpaid bill for gas furnished to a former tenant was paid.

The ground taken by the demurrer is that, assuming that a duty rested upon the company to furnish gas (*Omsted* v. *Proprietors of the Morris Aqueduct, 18 Vr. 311, 324*), nevertheless, the complainants have no right to invoke equitable relief by way of injunction.

I am of the opinion that this objection is well taken. The duty of the corporation to furnish gas was a legal corporate duty, and such duty is enforceable only by writ of *mandamus. New York Railroad Co.* v. *Montclair, 2 Dick. Ch. Rep. 591; Barber* v. *West Jersey Title Co., 8 Dick. Ch. Rep. 158.*

The counsel for the complainants cited a number of cases decided in other jurisdictions, in which relief by injunction was granted to enforce corporate duties like this. But, upon examination, those cases will be found either to have been decided in states where the methods of judicial procedure are unlike ours, or they are cases in which some distinct element was presented which destroyed the adequacy of the relief afforded by writ of *mandamus,* or they were cases where the corporate duty was contractual and not legal.

For instance, in *United States* v. *Union Pacific Railroad Co., 160 U. S. 1, 50,* there were agreements existing between the railroad company and the Western Union Telegraph Company,

Johnson *v.* Atlantic City Gas and Water Co.

which agreements stood in the way of complete relief. The court held that, by the use of the writ of *mandamus,* the telegraph company could not be reached, and that the United States had the right to have these agreements cancelled, and so, having taken jurisdiction for this purpose, the court would decide the whole case.

In *Webster* v. *Newell, 66 Mich. 508,* an injunction was granted restraining the commissioner of the land office from selling land from which the defendant had the right to make a selection of lot. The court admitted the existence of the rule that, if there had been nothing required but the enforcement of the legal duty, the complainant's appropriate remedy would have been *mandamus.*

In *People* v. *Canal Board, 55 N. Y. 390,* there was an application to restrain the doing of something, in violation of law, to the injury of the public.

In *Whiteman* v. *Fayette Fuel Gas Co., 139 Pa. St. 492,* and in *Fleming* v. *Montgomery Light Co., 100 Ala. 656,* the duty of the corporations arose out of contract.

In *Sickels* v. *Manhattan Gaslight Co., 64 How. Pr. 33,* the procedure was preventive; it enjoined the taking out of a meter already on the premises, through which gas was being supplied to a factory.

The injunction prayed for in this bill, although put in a preventive form, is, in fact, a mandatory writ. There is no fact or collocation of facts stated in the bill which display any inadequacy in the relief which a writ of *mandamus* will furnish in compelling the performance of the legal duty of the defending company to turn on the supply of gas to this particular dwelling.

There should be an order allowing the demurrer.