FREDERICK C. BOURKE AND LUTHER J. HIGGINS *v.* OLCOTT WATER COMPANY ET AL.

Special Term at Brattleboro, November, 1910.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, AND POWERS, JJ.

Opinion filed January 9, 1911.

*Water Companies—Supply to Consumer—Enforcement of Rule in Conflict with Charter—Remedy of Consumers—Injunction or Mandamus—Adequacy of Remedies.*

Where a water company's charter provides that every person living within the territorial limits of a designated village shall be entitled to an ample supply of water from the company's mains by paying a reasonable compensation therefor, the company has no right to refuse to supply water to tenants living within such territorial limits solely because of the company's rule that it would not collect rents from tenants, but that such bills must be paid by the owners of the premises, for that rule so enforced is in conflict with the company's charter.

A legal remedy, in order to be adequate in the sense involved in determining the jurisdiction of a court of equity, must be as practical and as efficient to the ends of justice and its prompt administration as is the remedy in equity.

Where mandamus affords a plain, speedy, and adequate remedy to compel a corporation to perform a duty imposed on it by law, equity has no jurisdiction to compel by injunction; but where mandamus would not be sufficiently prompt, equity may proceed by mandatory injunction.

Where persons claiming the right to be supplied with water by a water company brought a suit in equity on November 29 to compel the company so to supply them, and a petition for mandamus could not have been heard till the January term of the Supreme Court, the remedy by mandamus was so inadequate as to warrant the interposition of equity.

APPEAL IN CHANCERY, Windsor County. Heard at Chambers: on August 30, 1910, on the pleadings and master's report, *Taylor*, Chancellor. Decree, *pro forma*, dismissing the bill with costs: to the defendants. The orators appealed. The opinion states. the case.

*William Batchelder* for the orators.

*Raymond Trainor* and *E. B. Buck* for the defendants.

If the orators have the right to compel defendant to supply them with water, mandamus is the only proper remedy. *Cox* v. *Malden Gaslight Co.*, 199 Mass. 324; *State* v. *R. R.*, 48 N. J. L. 55; *State* v. *R. R. Co.*, 37 Conn. 154; *Grady ex rel.* v. *R. R.*, 12 L. R. A. 181; *People* v. *Albany etc. Co.*, 24 N. Y. 267; *R. R. Co.* v. *Stockyard Co.*, 6 L. R. A. 855; *Ripley* v. *Marble Co.*, 10· Wall. 358; 2 Daniels' Chan., 6th Ed., 1663; *Hayward* v. *London Water Co.*, 52 L. T. 175; *Port Clinton R. R.* v. *Cleveland R. R.*, 13 Ohio St. 544; *U. P. R. R. Co.* v. *Hall*, 91 U. S. 343; *People* v. *A. & V. R. R.*, 24 N. Y. 267.

POWERS, J. The defendants having refused to furnish. the orators with a supply of water for domestic use, these pro-- ceedings have been instituted to compel them by mandatory injunction so to do.

The Olcott Water Company is a corporation chartered by No. 189, Acts of 1892, and is engaged in the business of selling water to the village of Wilder (formerly Olcott Falls) and its: inhabitants for municipal and domestic uses. The other· defendants are its managing officers. The orators live in the· village, and occupy rented tenements situate on the south side of Hawthorne street. The company's main passes along the· street in front of these premises and is connected therewith with proper piping, and at all times here material an abundant supply of water was available. The defendant's refusal is. predicated solely upon a previously adopted rule of the company, in force at the time this controversy arose, which reads as follows: "This company will not collect rents from tenants. Such bills: must be paid by owner of premises."

1.   By section 13 of the company's charter, it is provided
that "every person" living within the territorial limits of the
village of Wilder "shall be entitled to have and use an ample
supply of water from the mains of said company, by paying
a reasonable compensation therefor." · That this corporation,.
like any other, has power to make and enforce reasonable rules
for the conduct of its business, not inconsistent with the terms
of its charter or the laws of the State, is not denied.   It is in-
sisted on the part of the orators, however, that this rule is not
only unreasonable, but repugnant to the charter provision just
quoted.   We need not stop to consider whether the rule is rea-
sonable or otherwise, for we deem it to be in manifest conflict
with this provision of the charter, and it follows that it cannot
be enforced.   The comprehensive language used plainly indi-
cates an intention on the part of the Legislature to require the
company to supply all who called for water, provided they paid.
This view is strengthened (if need be) by the language of section
11 of the charter:   "The occupant of any house, tenement or
building who shall take water of said company shall be liable
for the rent or price of the same,'' etc.   It is not to be believed
that the Legislature was here attempting to create a liability
on the part of a tenant for water supplied under contract with
his landlord.

2.   But the defendants say that the orators have mistaken
their remedy,  and that they should have applied for a writ of
*mandamus*, if the defendant's refusal was wrongful.

It must be admitted that *mandamus* is a proper and the
usual remedy to compel a corporation to perform a duty imposed
upon it by law.   But it does not necessarily follow that it is
the exclusive remedy.   Although it was held in *Cox* v. *Malden
& Melrose Gaslight Co.*, 199 Mass. 324, 85 N. E. 180, 17 L. R. A.
(N. S.) 1235, 127 Am. St. Rep. 503, that *mandamus* furnishes
a complete remedy to one whom a gas company refuses to furnish
gas in violation of its duty to the public, and that equity is with-
out jurisdiction to grant mandatory injunctions in such cases
when there is no contract and has been no previous deal between
the parties, we prefer to regard the adequacy of the remedy
by *mandamus* —which is the test of the question of equity's
jurisdiction—as dependent upon the circumstances of the given

case.   If *mandamus* affords a plain, speedy and adequate remedy, of course equity has no jurisdiction.   It was so held in *Harley* v. *Lindemann*, (Wis.) 109 N. W. 570, 8 L. R. A. (N. S.) 124, and it would be so on general principles.   But a legal remedy in order to be adequate in the sense involved in determining the jurisdiction of equity—to use the oft-quoted language of Mr. Justice Johnson in *Boyce's Ex'rs* v. *Grundy*, 3 Pet. 210, 7 L. Ed. 655,—must be "as practical and as efficient to the ends of justice and its prompt administration, as the remedy in equity." It would logically follow (as was held in *Baker* v. *Briggs*, 99 Va. 360, 38 S. E. 277) that where *mandamus* would not be sufficiently prompt, equity could proceed by injunction.   It seems to be the rule in New Jersey that circumstances may be such that resort may be had in such cases to the court of equity.   For, while it was held in *Johnson* v. *Atlantic City Gas & Water Co.*, 65 N. J. Eq. 129, 56 Atl. 550, that *mandamus* and not injunction is the proper remedy to compel a gas company to perform its corporate duty to supply a consumer with gas, there is a plain intimation in the opinion that in a proper case relief might be had by way of mandatory injunction.   And in *Washington* v. *Washington Water Co.*, 70 N. J. Eq. 254, 62 Atl. 390, an injunction  was granted restraining the defendant from shutting off the complainant's water supply.   So in *Richmond Natural Gas Co.* v. *Clawson*, (Ind.) 58 N. E. 1049, 51 L. R. A. 744, an injunction was granted restraining the company from shutting off the supply of gas.   And again in *Simon's Sons Co.* v. *Maryland Telephone & Telegraph Co.*, (Md.) 57 Atl. 193, 63 L. R. A. 727, an injunction was granted to restrain the defendant from charging the complainant a rate higher than that fixed by ordinance.    To be sure in these cases the injunction was prohibitive  in  form,  but the result was the same as though the prohibited act had been accomplished and an  injunction mandatory in form had issued to restore the complainants to  the  rights before enjoyed.   It is impossible to make the adequacy of the remedy by *mandamus* depend upon whether the application therefor is made just before or just after the act which results in  the  irreparable  injury.

It is said in 6 Pom. Eq. §633, that a mandatory injunction is sometimes awarded to compel a carrier to transport freight

or to furnish proper facilities; and that relief may be had against a violation of duty by public service corporations, such as gas, water and telephone companies, when the rights of the individual complainant will be affected thereby.   Accordingly, it was held in *Union Railroad Co.* v. *Canton Railroad Co.*, (Md.) 65 Atl. 409, that a mandatory injunction would be granted compelling a railroad company to allow another to connect therewith and run trains over its tracks according to statutory provisions— on the ground that in the nature of things there was no adequate redress at law for a denial of such right.   In *Mayor etc.* v. *Baltimore County Water & Elec. Co.*, (Md.) 52 Atl. 670, it was held that when a city wrongfully refused to grant a permit to a corporation to lay its water mains in the streets, the company need not bring *mandamus* to compel the issuance of the permit, but that an injunction would be granted to restrain interference with the laying of the mains.   In *Whiteman* v. *Fayette Fuel Gas Co.*, (Pa.) 20 Atl. 1062, a mandatory injunction was issued to compel the defendant to furnish the complainant a supply of gas which had been wrongfully cut off.   In *L. & N. R. R. Co.* v. *Pittsburgh etc. Coal Co.*, 111 Ky. 960, 64 S. W. 969, 55 L. R. A. 601, 98 Am. St. Rep. 447, it was held that a shipper was entitled to a mandatory injunction requiring a railroad company to furnish him cars when it refused to fulfill its obligations in this respect.

With us an application for a writ of *mandamus* is made to the Supreme Court.   More or less delay is necessarily involved. The application might come at a time when it would be several months before a result could be had.   In the meantime all necessity for the writ may have passed.   Cases may easily be supposed in which promptness of relief would be all important, and the delay incident to an application for *mandamus* would render that remedy utterly inadequate and useless.   Take the case of a railroad company wrongfully refusing to furnish cars to one engaged in the business of shipping Christmas trees. Take the case of an irrigation company wrongfully refusing to supply a customer with water at a time when the whole crop was endangered.   Take the case of an aqueduct company, bound by its charter to supply a municipality with water for fire protection, wrongfully cutting off the supply during an

extremely dry time.    Can it be said in such cases that *mandamus* affords a remedy as efficient to the prompt administration of justice as that by mandatory injunction?    Take this very case: The orators had no other source of water supply.    Winter was shutting down upon them.    The preliminary injunction was dated November 29th, and the earliest possible relief by *mandamus* could not be afforded before the following January term of this Court.    In the meantime the orators and their families were to remain without water.    *Mandamus* afforded no adequate remedy—equity alone was adequate to their necessities.

It does not follow that the orators are not to be required to pay for such water as they might use.    Equity does not take the property of one and give it to another.    But the rights of the company can all be taken care of in the court below on remand of the case.

*Pro forma decree reversed and cause remanded with directions to the court of chancery to render a decree for the orators according to the prayer of the bill.    Let the defendants there apply for such orders regarding the payment of water rents, accrued and to accrue as they deem themselves entitled if they be so advised.    Let the orators recover costs in this Court, and the costs below be there determined.*