Juan Bautista García Río, peticionario y apelado, v. Arturo Vivas Morales, en su carácter de Agente Comercial de Ponce de la Puerto Rico Aqueduct and Sewer Service, demandado y apelante.

Núm. 9535.—*Sometido:* Noviembre 3, 1947. *Resuelto:* Diciembre 3, 1947.

*Manuel A. Bustelo, James E. Curry* y *Miguel Parga,* abogados del apelante; *Rafael Atiles Moréu,* abogado del apelado.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

Ésta es una solicitud de *mandamus* para compeler a Arturo Vivas Morales, Agente Comercial en Ponce del Servicio de Acueductos y Alcantarillados de Puerto Rico, a que instale servicio de agua en la residencia del peticionario en dicha ciudad. Después de un juicio en los méritos, la corte

de distrito dictó sentencia a favor del peticionario. El querellado apela de dicha sentencia.

La corte inferior halló probados los siguientes hechos: el peticionario ocupa una casa en Ponce, en calidad de arrendatario, bajo un contrato verbal de inquilinato de mes a mes, pagando un canon mensual de $10. Con arreglo a este contrato la dueña de la casa venía obligada a pagar el agua que el peticionario consumiera. El Servicio suplía el agua de conformidad con un contrato entre el mismo y la dueña. Ésta dejó de pagar el agua consumida durante nueve meses por el peticionario ascendente a $150.81. En su consecuencia Vivas le suspendió el servicio de agua. Dos días más tarde y a requerimiento de éste, se restableció el servicio a condición de que se pagara la cuenta dentro de siete días. Ésta no fué pagada. Se suspendió nuevamente el servicio y el querellado le escribió al peticionario diciéndole que permanecería suspendido hasta que se pagara la cuenta. Entonces el peticionario solicitó del querellado, como Agente Comercial del Servicio en Ponce, que instalara un servicio de agua en su residencia bajo un contrato directo con él, como consumidor. A esto se negó el querellado, dando como única razón la cuenta pendiente.

La corte de distrito llegó a las siguientes conclusiones de derecho: (1) procede el remedio de mandamus para obligar a una compañía de acueducto a suplirle agua a un ciudadano, cuando aquélla sin razón legal alguna se niega a ello; (2) el peticionario tiene derecho a que una corporación de servicio público le supla agua, siempre y cuando cumpla con todas las condiciones razonables; (3) es un deber ministerial del querellado suplir el servicio solicitado por el peticionario; (4) el peticionario, como inquilino, tiene derecho al servicio de agua, aunque el dueño tenga una deuda anterior por tal servicio. Aplicando estas conclusiones de derecho a los hechos de este caso, la corte de distrito dictó sentencia a favor del peticionario.

El apelante señala cuatro errores. En tres de ellos ataca la tercera conclusión de derecho. Este es el único punto que creemos necesario discutir. La cuestión a determinar aquí es si el mandamus procede contra Vivas, por sí solo, sin incluir como querellados a sus superiores en el Servicio.

■ El mandamus procede para obligar a un funcionario público que cumpla con un claro deber ministerial, para compeler al ejercicio de discreción cuando éste es necesario, o para corregir el abuso de tal discreción. *Miguel* v. *McCarl,* 291 U.S. 442, 451–2; *Great Am. Indem. Co.* v. *Gobierno de la Capital,* 59 D.P.R. 911, 913–14. Constituye desacato a la corte al negarse a cumplir tal auto.

■■ En vista de la naturaleza del auto, no puede expedirse éste, so pena de desacato, contra un subalterno por sí solo, que actúa, no de conformidad con la ley, sino bajo órdenes de un funcionario superior. Los casos han resuelto unánimemente que no procede el mandamus bajo dichas circunstancias toda vez que no puede emplearse contra un individuo que no tiene poder para actuar o que sólo actúa con la anuencia de otras personas. De otro modo, el querellado sería puesto en una situación dificilísima mediante un auto ordenándole que haga lo que sus jefes le han prohibido. *Miguel* v. *McCarl,* supra, pág. 455; *Warner Valley Stock Company* v. *Smith,* 165 U.S. 28, 34–35; *Gnerich* v. *Rutter,* 265 U.S. 388, 391–93; *Webster* v. *Fall,* 266 U.S. 507; *Alcohol Warehouse Corporation* v. *Canfield,* 11 F.2d 214 (C.C.A. 2, 1926); *Dami* v. *Canfield,* 5 F.2d 533 (Dist. Ct., N.Y., 1925); *Drainage Dist. No. 4* v. *Murphy,* 119 F.2d 390 (C.C.A. 8, 1941); *Huddleston* v. *Dwyer,* 145 F.2d 311 (C.C.A. 10, 1944); Merrill *on Mandamus,* sec. 58, págs. 66–67, sec. 234, págs. 292–3; véanse *Torres* v. *Secretario de Puerto Rico,* 11 D.P.R. 354; *Pagán* v. *Towner, Gobernador,* 35 D.P.R. 1.

Según indica el caso de *Miguel* a la pág. 455, el subalterno es una parte adecuada, aunque no indispensable. Pero no puede demandársele solo. Un auto que exige el cumplimiento

de un deber debe expedirse primordialmente contra el funcionario a quien la ley le impone el deber y quien está en posición de acatarlo.

Pasemos ahora a los hechos y a la ley de este caso específico. La sección 2 de la Ley núm. 40, Leyes de Puerto Rico, 1945, crea el Servicio como una corporación pública. Después de establecer la Junta de Gobierno, la sección 3 dice que los "poderes del Servicio se ejercerán por un Administrador e Ingeniero Jefe . . . con sujeción a las reglas y reglamentos y resoluciones que sean aprobados por la Junta. La Junta nombrará el Administrador, un Auditor, y aquellos otros funcionarios que estime apropiado y fijará sus deberes, términos de su cargo y compensación. Todos estos funcionarios, con excepción del Auditor, desempeñarán sus deberes bajo la supervisión y dirección del Administrador." La sección 4(f) da poder al Servicio para "nombrar agentes y empleados, y designarle aquellas facultades y deberes que el Servicio determine."

El Agente Comercial del Servicio en Ponce no es mencionado en la Ley ni sus deberes están definidos por ley alguna o por cualesquiera reglamentos a que se ha llamado nuestra atención. Es obvio que él es uno de los empleados cubiertos por la sección 4(f). Su declaración en cuanto al papel que desempeña cuando se solicita el suministro de agua a una casa que tiene una cuenta pendiente, fué la siguiente: "Lic. Parga: Dígame, testigo, cuando una persona solicita servicio de agua y con respecto a la casa donde esté viviendo hay una deuda, puede usted, según las instrucciones que ha recibido de la Oficina Central, resolver eso concediéndole el servicio de agua? —Testigo: No. —¿Qué tiene que hacer por las instrucciones que ha recibido? —Pues, sencillamente, una vez que una persona y una casa tienen una deuda o una cuenta de agua, referir el caso a San Juan y a lo que me informen de San Juan yo actúo. —¿Entonces la decisión final con respecto a eso es suya o de la oficina central de San Juan? —Mía no es. —¿De quién es esa decisión?

—De la oficina central de San Juan. —¿De quién usted ha recibido esas instrucciones? —Del Jefe inmediato, señor Picó y del señor Francisco García Vidal. —¿Qué posición ocupa Florencio Picó? —Jefe de la División Comercial del Servicio.''

En respuesta a otras preguntas, manifestó el testigo que si un dueño o inquilino diferente solicitaba el servicio, éste no se le negaría por razón de la cuenta pendiente. Al preguntársele quién decide si el caso cae dentro de una u otra categoría, respondió: ''Lo decido yo, haciendo recomendación a San Juan,'' pero ''finalmente no, porque yo presento el caso tal como yo he practicado la investigación, a mi mejor manera de entender. San Juan no lo puede ver en esas condiciones y me escribe diciéndome haga una investigación.''

En este caso específico dijo que él discutió por teléfono la solicitud del peticionario con un funcionario superior, el Sr. Alcaide, Agente General, de San Juan, y en una reunión en San Juan, y que no podía resolver el caso sin consultar otras personas. Expuso que se le había dado al peticionario un servicio temporal de conformidad con las órdenes de Alcaide.

La corte de distrito declaró probado que Vivas es la persona que en Ponce, a nombre y en representación del Servicio, celebra los contratos y autoriza las instalaciones para servicio de agua en Ponce. Indudablemente esto es cierto. Pero la prueba no contradicha también demuestra que en relación con este problema específico de solicitudes para instalación de agua a casas con cuentas pendientes, él no tiene autoridad para llegar a una decisión final sobre el asunto.

La ley que crea el Servicio y la prueba aducida demuestran que no procede el mandamus en este caso. El recurso podría entablarse contra el propio Servicio, toda vez que éste puede bajo la sección 4(c) de la Ley núm. 40 demandar y ser demandado como una corporación. O, si el peticiona-

rio prefiere no demandar al Servicio, la petición podría instarse contra el Administrador e Ingeniero Jefe—o quizá aún contra algún jefe de rango inferior, a quien por reglamento o por algún otro motivo se le haya otorgado por delegación autoridad específica y final. Pero Vivas no está facultado por la ley y la prueba aducida para llegar a una decisión definitiva en este caso. Son sus superiores los que llegan a estas decisiones. Ninguna corte puede obligarlo so pena de desacato a realizar un acto cuyo cumplimiento está fuera del alcance de sus atribuciones, deberes o autoridad.

Los casos de *Torres v. Capestani*, 30 D.P.R. 778, y *Yumet v. Herrera, Alcalde*, 49 D.P.R. 154, no son de aplicación. En ellos no se atacó el poder o autoridad de los querellados para desempeñar los deberes cuyo cumplimiento se trataba de obligar por mandamus.

*La sentencia de la corte de distrito será revocada y se devolverá el caso con instrucciones de que se declare sin lugar la petición, a menos que dentro de un término razonable a ser fijado por la corte de distrito el peticionario incluya como querellados al Servicio, al Administrador o a cualesquiera otras partes adecuadas.*