J. Ramírez Viñas, peticionario apelante, *v.* Salvador T. Roig, Jefe de la Policía Insular de Puerto Rico, y José Martínez, Comandante de Río Piedras, Puerto Rico, demandados y apelados.

Núm. 9840.—*Sometido:* Marzo 1, 1949. *Resuelto:* Marzo 16, 1949.

*J. Ramírez Viñas, pro se,* y *C. Andréu Ribas,* abogado del peticionario; *Hon. Procurador General Vicente Géigel Polanco (Luis Negrón Fernández, Ex Procurador General y José C. Aponte, Primer Procurador General Auxiliar Interino,* en el alegato) y *Carlos Santana Becerra, Procurador General Auxiliar,* abogados de los apelados.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

En 25 de septiembre de 1946 el demandante Juan Ramírez Viñas, quien es un abogado en el ejrcicio de su profesión y quien reside en Río Piedras, presentó al demandado Salvador T. Roig, en su carácter de Jefe de la Policía Insular de Puerto Rico, una declaración jurada en la que hacía constar hallarse en posesión de una pistola; acompañó su declaración de un sello de rentas internas de los denominados "Insular Police Pension Fund" por valor de $1 y solicitó se inscribiera la posesión de dicha arma a su nombre. En 15 de agosto del siguiente año el Jefe de la Policía se dirigió por escrito al demandante, indicándole que para poder inscribir la referida pistola era menester que éste hiciera constar bajo juramento la forma en que dicha arma llegó a su poder. El demandante se negó a suministrar la información pedídale y en 19 del mismo mes escribió al aquí demandado dándole un término de tres días para que ordenara a sus subalternos que inscribieran el arma en cuestión. Al no recibir contestación dentro del mencionado término, el demandante acudió con una petición de *mandamus* ante el Tribunal de Distrito de San Juan para que se compeliera al demandado Salvador T. Roig, en su carácter indicado, así como a José Martínez, como Comandante de Río Piedras, a que inscribieran la indicada arma a favor del promovente.

El auto alternativo fué expedido y celebrada en el tribunal inferior una llamada "pre-trial conference", que no fué en realidad otra cosa que la vista del recurso, el caso quedó sometido para su resolución. En 13 de febrero de 1948 dicho tribunal dictó sentencia declarando no haber lugar a expedir el auto perentorio solicitado. De ella apeló el demandante y en apoyo de su recurso sostiene tan sólo que dicho tribunal "erró al declarar sin lugar la petición de

mandamus por el fundamento de que el requerido apelado podía solicitar más información de la requerida por la ley."

La Ley núm. 14 de 8 de julio de 1936 (Ses. Ext., pág. 129), reglamenta la venta de armas de fuego en Puerto Rico, ordena la declaración de las mismas en cualquier forma que éstas fueren poseídas, prohibe la entrega de ellas a ciertas personas e impone penas por su infracción. Dispone el artículo 7 de la misma, según fué enmendado por la núm. 95 de 12 de mayo de 1937 (pág. 240), que "toda persona que tenga en su poder, por cualquier concepto, cualquier arma de fuego, en la fecha en que entre en vigor esta Ley, tiene la obligación de declararlo así por escrito al Jefe de la Policía Insular del distrito donde resida, a no más tardar el trigésimo día *después de aquél en que se haga la última publicación de los edictos que se ordenan en el artículo 9 de esta Ley.* Igualmente, toda persona que obtenga el dominio o posesión de cualquier arma de fuego, en cualquier forma, después de entrar en vigor esta Ley, tiene la obligación de declararlo así por escrito al jefe de la policía insular del distrito donde resida. La declaración del arma se hará mediante una declaración jurada en duplicado conteniendo su nombre completo, dirección, ocupación, color, su firma o huellas digitales de sus pulgares si no supiere firmar y el calibre, clase, modelo y número de fábrica del arma de fuego que posea. . . "

Si el aquí demandante hubiera solicitado la inscripción de un arma dentro de los treinta días inmediatamente siguientes a la publicación de los edictos a que se hace referencia en la sección 9, es innegable que hubiera sido innecesario de parte suya suministrar la información requerídale por el demandado. Así lo dispone de manera terminante el párrafo introductorio del artículo 7, tal cual ha sido copiado más arriba. Sin embargo, ese mismo artículo en su segundo párrafo provee de manera terminante que *"Después de vencido el término durante el cual podrá procederse a la inscrip-*

*ción de las armas de fuego en la forma que se prescribe inme-*
*diatamente antes,* el hecho de poseer un arma de fuego cuya
posesión o dominio ha sido obtenido sin ajustarse a las dispo-
siciones de esta.Ley, o no hubiere sido declarada de acuerdo
con las prescripciones de este artículo, será evidencia prima
facie de que el arma de fuego se ha obtenido, se posee o se
transporta ilegalmente. . .'' Como no se solicitó la inscrip-
ción del arma dentro de los treinta días siguientes a la publica-
ción de los edictos y la presunción, en su consecuencia, es que
la pistola en cuestión llegó a poder del demandante con poste-
rioridad a la expiración del indicado término de treinta días,
a él incumbía demostrar que su posesión del arma se ajus-
taba a las disposiciones de la Ley. Ésta provee, en sín-
tesis, que la palabra ''arma de fuego'' significa pistola o
revólver, escopeta o rifle, cuyos cañones midan hasta 12,
24 ó 15 pulgadas de longitud, respectivamente; que nadie
entregará un arma de fuego a persona menor de 18 años de
edad, ni a persona que haya sido convicta de delito grave,
o que fuere adicta al uso de drogas, beodo consuetudinario,
o de mente desequilibrada; que ningún vendedor entregará
un arma de fuego a un comprador hasta después de trans-
curridas 48 horas desde el momento en que la solicita; que
al solicitar la compra de un arma de fuego el comprador
firmará y entregará por triplicado al vendedor una decla-
ración conteniendo su nombre completo, lugar de nacimiento,
dirección, ocupación, color, estado y día y hora de la solici-
tud, más el calibre, la fabricación, el modelo, número de fá-
brica del arma que va a comprarse y una afirmación de no
haber sido nunca convicto en esta Isla, ni fuera de ella, de
un delito grave; que ningún vendedor al por menor venderá
un arma de fuego sin poseer una licencia; que el Tesorero
de Puerto Rico puede conceder licencias para vender ar-
mas de fuego al por menor y que no se venderá arma de
fuego alguna infringiendo las disposiciones de la Ley, ni a
menos que el vendedor conozca personalmente al compra-

dor o éste presente prueba clara de su identidad; que cualquier persona que comprare o vendiere un arma de fuego, sin ajustarse a las prescripciones de Ley, incurrirá en delito menos grave; que sus disposiciones no serán aplicables a las armas de fuego antiguas; que sus infracciones serán consideradas como delito menos grave y que las cortes de distrito tendrán jurisdicción exclusiva para conocer de dichas infracciones y los juicios se celebrarán ante el tribunal de derecho.

Al requerir el Jefe de la Policía del demandante que le informara bajo juramento cómo el arma había llegado a su poder, éste no hizo otra cosa que exigir se diera cumplimiento a las disposiciones del estatuto. Su propósito indudablemente fué cerciorarse de si la posesión del arma se ajustaba a las prescripciones de la Ley.

Es cierto que la declaración jurada que de conformidad con el artículo 7 habrá de radicarse al solicitarse la inscripción de cualquier arma, no exige expresamente que se haga constar la forma en que la misma llegó a poder del promovente. Pero esa disposición no debe ser interpretada aisladamente. Debe serlo tomando en consideración las demás disposiciones de la Ley, entre las cuales figuran algunas a ser cumplidas estrictamente por los compradores de armas de fuego. Al peticionario incumbía demostrar, repetimos, que su posesión de la pistola era legal.

Para que proceda la expedición del auto de mandamus contra un funcionario público el derecho del demandante debe surgir claro y patente, al igual que el deber ministerial del funcionario de dar cumplimiento a tal derecho. *Balasquide* v. *Luján,* 45 D.P.R. 563, 576; *García* v. *Vivas,* 67 D.P.R. 835, 837. No habiendo demostrado el demandante tener un claro derecho al remedio solicitado, el tribunal a quo actuó acertadamente al negarse a expedir el auto solicitado.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. Negrón Fernández no intervino.